UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DEVIN BEMBURY

                                       Plaintiff,                  **COMPLAINT**

                -against-                       Index No.: 21 CV 10874

CITY OF NEW YORK,                       Plaintiff Demands Trial by Jury
DHS POLICE OFFICER JOHN DOE #1,
DHS POLICE OFFICER JOHN DOE #2,
and DHS POLICE SERGEANT JANE DOE,

                                   Defendants.
---------------------------------------------------------------X

        Plaintiff, DEVIN BEMBURY, by and through his attorney, Alexis G. Padilla,

complaining of the defendants, THE CITY OF NEW YORK, DEPARTMENT OF HOMELESS

SERVICES POLICE OFFICER JOHN DOE #1 ("DHS OFFICER JOHN DOE #1"),

DEPARTMENT OF HOMELESS SERVICES POLICE OFFICER JOHN DOE #2 ("DHS

OFFICER JOHN DOE #2") and DEPARTMENT OF HOMELESS SERVICES POLICE

SERGEANT JANE DOE ("DHS SERGEANT JANE DOE"), upon information and belief

alleges as follows:

## PRELIMINARY STATEMENT

        1.      This is a civil rights action in which the plaintiff, DEVIN BEMBURY, seeks relief

for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. §

1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff

seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and

such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5.      Plaintiff DEVIN BEMBURY, is a United States citizen of full age and a resident of New York County, New York

6.      Defendant THE CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of State of New York. It is authorized by law to maintain a police department within the department of homeless services, which acts as its agent in the area of law enforcement in city-run shelters and for which it is ultimately responsible. Defendant CITY OF NEW YORK, assumes all risks incidental to the maintenance of such a police force and the employment of its police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant Department of Homeless Services police officers.

7.      Defendant DEPARTMENT OF HOMELESS SERVICES POLICE OFFICER JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant,

2

employee and agent of the New York City Department of Homeless Services Police Department, a municipal agency of the CITY OF NEW YORK. At all times relevant herein, defendant DHS OFFICER JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Department of Homeless Services Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York City Department of Homeless Services Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8.     Defendant DEPARTMENT OF HOMELESS SERVICES POLICE OFFICER JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York City Department of Homeless Services Police Department, a municipal agency of the CITY OF NEW YORK. At all times relevant herein, defendant DHS OFFICER JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Department of Homeless Services Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York City Department of Homeless Services Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9.      Defendant DEPARTMENT OF HOMELESS SERVICES SERGEANT JANE DOE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York City Department of Homeless Services Police Department, a municipal agency of the CITY OF NEW YORK. At all times relevant herein, defendant DHS SERGEANT JANE DOE acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Department of Homeless Services Police Department, in the course and scope of her duties and functions as an officer, agent, servant and employee of the CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in her by the City of New York and the New York City Department of Homeless Services Police Department, and was otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of her duty. She is sued individually and in her official capacity.

## STATEMENT OF FACTS

10.     On or about December 29, 2020 at approximately 8:00 A.M., plaintiff was present inside of the Willow Men's Shelter, located at 781 E. 135th Street in the Bronx when he was involved in an altercation with two other residents. The altercation was verbal and physical but did not result in any injury to plaintiff.

11.     Department of Homeless Services police officers, defendants DHS OFFICER JOHN DOE #1 and DHS OFFICER JOHN DOE #2, responded to the altercation.

12.     The defendant officers began to argue with plaintiff and eventually took him into custody.

13.     After taking plaintiff into custody, the defendant officers removed plaintiff from the area where the altercation with the other residents occurred to a downstairs area.

14.     There, plaintiff continued to argue with the defendant officers.

15.     The defendants threatened to strike plaintiff if he did not stop arguing with them.

16.     Defendant DHS OFFICER JOHN DOE #1 handcuffed plaintiff's right hand to a bench while defendant DHS OFFICER JOHN DOE #2 held onto his left hand and began to strike him with a baton across his neck, back and lower back.

17.     Defendant DHS OFFICER JOHN DOE #1 then used his walkie-talkie to strike down on plaintiff's cuffed right hand, causing extreme pain.

18.     The more plaintiff continued to yell and curse, the more he was struck by the defendants, who used their batons as well as their hands and feet to strike plaintiff repeatedly.

19.     At one point, defendant DHS SERGEANT JANE DOE entered the room and saw what was happening but did nothing to put a stop to the illegal use of force by her subordinates, even though it was clear that plaintiff was being subjected to illegal force and she had an opportunity to intervene.

20.     Upon information and belief, video footage of all or part of this incident is in the possession of the Department for Homeless Services.

21.     At no time during the events described above did plaintiff commit any act for which the force used by defendants DHS OFFICER JOHN DOE #1 and DHS OFFICER JOHN DOE #2 would be a reasonable response.

22.     At no time during the events described above did defendants DHS OFFICER JOHN DOE #1 and DHS OFFICER JOHN DOE #2 have any justification, reason, or legal license to use any amount of force against plaintiff.

23.     At all times during the events described above defendants DHS OFFICER JOHN

DOE #1 and DHS OFFICER JOHN DOE #2 acted with malice and the intent to harm and cause

pain to plaintiff.

24.     At all times during the events described above defendants DHS OFFICER JOHN

DOE #1 and DHS OFFICER JOHN DOE #2 knew or should have known that their actions were

unlawful and in violation of their sworn oaths to uphold the Constitution of the United States in

the furtherance of their duties as a duly appointed law enforcement officers.

25.     At no time during the events described above did plaintiff pose any threat to

defendants, any other residents or staff members who may have been present.

26.     Defendants DHS OFFICER JOHN DOE #1 and DHS OFFICER JOHN DOE #2

assault on plaintiff was malicious, intentional, and outside the bounds of acceptable uses of force

for a corrections officer.

27.     As a result of unlawful actions of all three individual defendants, plaintiff did

suffer serious injury, including but not limited pain, serious injury, emotional distress, mental

anguish and public humiliation.

## AS FOR A FIRST CAUSE OF ACTION

***Excessive Force as against Defendants DHS POLICE OFFICER JOHN DOE #1 and DHS
POLICE OFFICER JOHN DOE #2, and Failure to Intervene as against DHS SERGEANT
JANE DOE, in violation of the Fourteenth Amendment to the United States Constitution and
42 U.S.C. § 1983***

28.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the

previous paragraphs with the same force and effect as if fully set forth herein.

29.     At all times during the events described above defendants DHS OFFICER JOHN

DOE #1 and DHS OFFICER JOHN DOE #2 lacked probable cause to use force against plaintiff.

30.     All of the aforementioned acts of defendants DHS OFFICER JOHN DOE #1 and DHS OFFICER JOHN DOE #2 were carried out under the color of state law.

31.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourteenth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, particularly his right to be free from excessive force.

32.     The acts complained of were carried out by defendants DHS OFFICER JOHN DOE #1 and DHS OFFICER JOHN DOE #2 in their capacity as law enforcement officers, with all actual and/or apparent authority afforded thereto.

33.     Additionally, defendant DHS SERGEANT JANE DOE is liable to plaintiff where she witnessed the illegal use of excessive force by defendants DHS OFFICER JOHN DOE #1 and DHS OFFICER JOHN DOE #2, had an opportunity to intervene to put a stop to the illegal use of force and failed to do so.

34.     As a result of defendants DHS OFFICER JOHN DOE #1 and DHS OFFICER JOHN DOE #2's illegal misuse of force and defendant DHS SARGEANT JANE DOE's failure to intervene, plaintiff did suffer damages, including but not limited to pain, injury, emotional distress, mental anguish, public humiliation and the violation of his constitutional right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

35.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

36.     The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the

defendants DHS OFFICER JOHN DOE #1 and DHS OFFICER JOHN DOE #2. The conduct of the defendant officers was a direct consequence of inadequate training and supervision of corrections officers by defendant CITY OF NEW YORK and its agent, the New York City Department of Homeless Services.

37.    At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York City Department of Homeless Services, had in effect policies, practices, and customs that allowed for officers to use force against plaintiff without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

38.    At all times relevant to this complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline Department of Homeless Services police officers, thereby failing to adequately discourage the misuse of force as described in this Complaint.

39.    As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York City Department of Homeless Services, officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

40.    The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive

damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such

other and further relief as this Court may deem just and proper.


Dated:  December 20, 2021

      New York, NY          By:       *_/s/Alexis G. Padilla_____*

                                    Alexis G. Padilla, Esq. [AP7400]
                                    *Attorney for Plaintiff*
                                    *Devin Bembury*
                                    378 Lewis Avenue #6
                                    Brooklyn, NY 11233
                                    (917) 238-2993
                                    alexpadilla722@gmail.com