UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | | |
|---|---|---|
| NICOLE CATO, | ) | **AMENDED COMPLAINT** |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| THE CITY OF NEW YORK; NYPD DETECTIVE | ) | 20 Civ. 10934 (RA) |
| JOHN SERDAROS; NYPD LIEUTENANT | ) | |
| COMMANDER DETECTIVE JOSEPH | ) | |
| PERROTTO; NYPD DETECTIVE ROBERTO | ) | |
| PAGAN; NYPD DETECTIVE LISA BERGEN; | ) | |
| NYPD SERGEANT DAVID GOMES; JOHN DOE | ) | |
| # 1; JOHN DOE # 2;JOHN DOE # 3; JOHN DOE # | ) | |
| 4; JOHN DOE # 5; JOHN DOES; RICHARD | ) | |
| ROES, | ) | |
| | ) | |
| Defendants. | ) | |

-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which plaintiff NICOLE CATO seeks relief for the

defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, by the United States Constitution, including its Fourth, Fifth, and Fourteenth

Amendments, and by the laws and Constitution of the State of New York.  The plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including

its First, Fourth, and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3.      Plaintiff demands a trial by jury on each and every claim as pleaded herein.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5.      Plaintiff NICOLE CATO is a citizen of the United States, and at all times relevant herein resided in the state of New York, County of New York.  Plaintiff NICOLE CATO is Hispanic.

6.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department (the NYPD) and to participate in the funding of, and the policymaking with regard to, the District Attorney's Office for Richmond County, which agencies act as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of the NYPD and the funding and policymaking concerning the District Attorney's Office for Richmond County, and the employment of police employees and District Attorney's Office for Richmond County employees, as said risk attaches to the public consumers of the services provided by the New York City Police Department and the District Attorney's Office for Richmond County.

2

7.      Defendants NYPD DETECTIVE JOHN SERDAROS; NYPD LIEUTENANT COMMANDER DETECTIVE JOSEPH PERROTTO; NYPD DETECTIVE ROBERTO PAGAN; NYPD DETECTIVE LISA BERGEN; NYPD SERGEANT DAVID GOMES; JOHN DOE # 1; JOHN DOE # 2; JOHN DOE # 3; JOHN DOE # 4; JOHN DOE # 5; and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK and /or of the District Attorney's Office for Richmond County.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department and the District Attorney's Office for Richmond County, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants NYPD DETECTIVE JOHN SERDAROS; NYPD LIEUTENANT COMMANDER DETECTIVE JOSEPH PERROTTO; NYPD DETECTIVE ROBERTO PAGAN; NYPD DETECTIVE LISA BERGEN; NYPD SERGEANT DAVID GOMES; JOHN DOE # 1; JOHN DOE # 2; JOHN DOE # 3; JOHN DOE # 4; JOHN DOE # 5; and JOHN DOES, are sued individually and in their official capacity.

8.      Defendants NYPD DETECTIVE JOHN SERDAROS; NYPD LIEUTENANT COMMANDER DETECTIVE JOSEPH PERROTTO; NYPD DETECTIVE ROBERTO PAGAN; NYPD DETECTIVE LISA BERGEN; NYPD SERGEANT DAVID GOMES; JOHN

DOE # 1; JOHN DOE # 2; JOHN DOE # 3; JOHN DOE # 4; JOHN DOE # 5; and RICHARD

ROES, are and were at all times relevant herein duly appointed and acting supervisory officers,

servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police

Department, and /or of the District Attorney's Office for Richmond County, responsible for the

training, retention, supervision, discipline and control of police officers under their command.

Said individual defendants are and were at all times relevant herein acting under color of state

law in the course and scope of their duties and functions as supervisory officers, agents, servants,

and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and

with the power and authority vested in them by THE CITY OF NEW YORK and the New York

City Police Department and the District Attorney's Office for Richmond County, and were

otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  Defendants NYPD DETECTIVE JOHN SERDAROS;

NYPD LIEUTENANT COMMANDER DETECTIVE JOSEPH PERROTTO; NYPD

DETECTIVE ROBERTO PAGAN; NYPD DETECTIVE LISA BERGEN; NYPD SERGEANT

DAVID GOMES; JOHN DOE ASSISTANT DISTRICT ATTORNEY; and RICHARD ROES,

are sued individually and in their official capacity.

## STATEMENT OF FACTS

9.      On May 1, 2018, approximately 7:00 a.m., Plaintiff was inside of her home on

Staten Island, NY.

10.     Three male plainclothes JOHN DOES members of the NYPD - JOHN DOE #1,

JOHN DOE # 2, and JOHN DOE # 3, on information including Defendant PAGAN - knocked on

the door.

11.     Plaintiff opened the door.

12.     The JOHN DOES stated that they were from the NYPD Warrant Squad, that there was a warrant for Plaintiff's arrest, and that they wanted to question Plaintiff at the local police precinct.

13.     On information and belief, the statement that there was a warrant for Plaintiff's arrest was a lie, and there was no warrant that had been issued for Plaintiff's arrest by any judge. On information and belief, the NYPD had issued what is known as an i-card (an NYPD request within the NYPD that someone be taken into custody, but which request has never been evaluated by any judge concerning any probable cause justification).

14.     The JOHN DOES refused to show the purported warrant.

15.     The JOHN DOES unlawfully entered Plaintiff's home without a warrant, and without consent, and unlawfully handcuffed and arrested Plaintiff inside of her home in the presence of her children, then ages nine and three.

16.     An NYPD "F.E.D. – COMPLETED APPREHENSION" document dated May 1, 2018 falsely states that when the JOHN DOES from the Warrant Squad knocked on Plaintiff's door, Plaintiff answered the door "inviting I/O [which, on information and belief, means "investigating officer"]."

17.     That document also states that the JOHN DOES knocked on Plaintiff's door at approximately 6:00 a.m., and apprehended Plaintiff at 6:35 a.m.

18.     That document also falsely states that Plaintiff was "informed about active icard investigation."

19.     As noted above, Plaintiff was falsely told by the JOHN DOES that there was a

warrant for her arrest, and Plaintiff did not give the JOHN DOES consent to enter her home (i.e.,

she did not "invite" them into her home or to do anything else).

20.     Defendant GOMES verified the false and warrantless arrest of Plaintiff at her

home.

21.     The JOHN DOES permitted Plaintiff to call a family member to come to care for

the children while their mother was taken away by the police.

22.     Plaintiff's children missed school on this day due to Plaintiff's arrest (Plaintiff

usually walks them to the school bus, which the JOHN DOES rendered impossible by arresting

Plaintiff).

23.     Plaintiff also missed work on this day due to her arrest.

24.     When Plaintiff's family member arrived, the JOHN DOES removed Plaintiff from

her home and took her in a van to the NYPD 121st Precinct.

25.     Plaintiff's hands and feet were shackled in the van.

26.     Plaintiff was taken to other locations *en route* to the precinct, and another arrestee

was loaded into the van with Plaintiff prior to Plaintiff's arrival at the precinct.

27.     Plaintiff complained throughout the time she was in handcuffs – both inside her

home and *en route* to the precinct - that the handcuffs had been applied with a painful and

punitive tightness, but the JOHN DOES told her to wait until she got to the precinct.

28.     Plaintiff asked the JOHN DOES what they wanted to question her about, but the

JOHN DOES just responded, in sum and substance, that Plaintiff knew what she had done.

29.     At the precinct Plaintiff was subjected to a pat frisk by one of the male JOHN

DOES who had arrested her, during which search he felt her rear end in an improper and

unlawful sexualized manner.

30.    At the precinct Plaintiff was placed into a holding cell.

31.    After some time in the holding cell Plaintiff was brought by a JOHN DOE # 4 to an interrogation room.

32.    A JOHN DOE # 5 - a bald headed white man - was in the interrogation room, alone.

33.    JOHN DOE # 5 then took Plaintiff to his office.

34.    After reading Plaintiff her Miranda rights and having Plaintiff – without benefit of legal advice, and under duress – initial a document acknowledging that she had been informed of her Miranda rights, JOHN DOE # 5 showed Plaintiff a photograph of a woman and asked Plaintiff who the woman was.

35.    Plaintiff did not know who the woman was, but it was plainly not Plaintiff: the woman depicted was significantly larger and stouter than Plaintiff, and Plaintiff has numerous tattoos on various parts of her body, including her chest, arms, and wrist, that were not depicted on the woman in the photograph.

36.    Plaintiff even showed the JOHN DOE # 5 some of her tattoos, and gave him Plaintiff's Facebook name so that he could confirm that Plaintiff had the tattoos going back a significant amount of time.

37.    Plaintiff then, growing increasingly concerned, asked for an attorney.

38.    JOHN DOE # 5 then got angry, slapped his hand down on his desk, and left Plaintiff alone in his office for approximately fifteen minutes.

39.    Plaintiff was then taken back to the interrogation room by JOHN DOE # 4, where

she continued to be held for a number of hours.

40.    Throughout their interactions, it was unclear to Plaintiff whether or not JOHN

DOE # 4 and JOHN DOE # 5 were NYPD Detectives, or if they worked for the Richmond

County District Attorney's Office.

41.    After being held for the second time in the interrogation room, Plaintiff was then

released from custody, without any explanation or paperwork of any kind, at approximately 4-5

p.m.

42.    Plaintiff's counsel has obtained Plaintiff's arrest report via the NY Freedom of

Information Law, along with a complaint report indicating that Plaintiff was arrested in relation

to a complaint that someone, on July 29, 2017, had shoplifted $133.50 worth of merchandise

from a Kohl's store located at 2239 Forest Avenue in Staten Island, a crime that Plaintiff had

nothing to do with, and that there was no probable cause to believe that Plaintiff had anything to

do with.

43.    An employee from Kohl's loss prevention team provided Defendant BERGEN

with a copy of video documenting the alleged theft, that showed a woman who clearly did not

look like Plaintiff.  Defendant BERGEN and the other individual Defendants have failed to

preserve / destroyed, and thereby spoliated, that video footage.

44.    Defendant SERDAROS is listed on Plaintiff's arrest report as the Arresting

Officer.

45.    On information and belief, on or about April 30, 2018 Defendant SERDAROS

issued an NYPD i-card asking other members of the NYPD to arrest Plaintiff, based solely upon

an April 25, 2018 identification of Plaintiff from a wanted poster by a civilian in a police

precinct, but without checking the video footage depicting the thief against either photographs of the Plaintiff that were available, or against Plaintiff herself, through further investigation, which, if done, would have shown clearly that Plaintiff was not the thief depicted in the videos.

46.     The wanted poster states that anyone with information concerning the woman depicted in the photos on the wanted poster should call Defendant BERGEN or the Detective Borough Staten Island.

47.     On information and belief, Defendant SERDAROS dispatched the NYPD Warrant Squad to Plaintiff's home to arrest her on May 1, 2018.

48.     Defendant PERROTTO is listed on Plaintiff's arrest report as the Supervisor Approving.

49.     The Richmond County District Attorney's Office declined to prosecute Plaintiff, and noted in its "343 Form" dated May 1, 2018, the reasons for that declination, including that (1) the NYPD had apparently not preserved the video that Defendant BERGEN had been provided from the Kohl's store, and (2) that despite the ID by the civilian from the wanted poster, "[i]t is not clear, even with this ID, whether or not this defendant is the individual contained within the wanted flyer."

50.     Plaintiff had pain to, and marks on, her wrists for approximately five to seven days after the handcuffs were removed.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

51.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

52.     By their conduct and actions in unlawfully entering Plaintiff's home, falsely
arresting and imprisoning Plaintiff, assaulting and battering (*i.e.*, by using excessive force
against) Plaintiff, unlawfully searching Plaintiff, unlawfully questioning Plaintiff, denying access
to the Courts of, failing to intercede on behalf of, and conspiring together to deprive the rights of,
Plaintiff, defendants NYPD DETECTIVE JOHN SERDAROS; NYPD LIEUTENANT
COMMANDER DETECTIVE JOSEPH PERROTTO; NYPD DETECTIVE ROBERTO
PAGAN; NYPD DETECTIVE LISA BERGEN; NYPD SERGEANT DAVID GOMES; JOHN
DOE # 1; JOHN DOE # 2; JOHN DOE # 3; JOHN DOE # 4; JOHN DOE # 5; and JOHN DOES,
acting under color of law and without lawful justification, intentionally, maliciously, and with a
deliberate indifference to or a reckless disregard for the natural and probable consequences of
their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed
under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, Fifth, and
Fourteenth amendments.

53.     As a result of the foregoing, Plaintiff was deprived of her liberty and property,
suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was
otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

54.     Plaintiff incorporates by reference the allegations set forth in all preceding
paragraphs as if fully set forth herein.

55.     By failing to remedy the wrongs committed by their subordinates, and in failing
to properly train, screen, supervise, or discipline their subordinates, supervisory officers NYPD

DETECTIVE JOHN SERDAROS; NYPD LIEUTENANT COMMANDER DETECTIVE

JOSEPH PERROTTO; NYPD DETECTIVE ROBERTO PAGAN; NYPD DETECTIVE LISA

BERGEN; NYPD SERGEANT DAVID GOMES; JOHN DOE # 1; JOHN DOE # 2; JOHN

DOE # 3; JOHN DOE # 4; JOHN DOE # 5; and RICHARD ROES, caused damage and injury in

violation of Plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States

Constitution, including its Fourth, Fifth, and Fourteenth amendments.

56.     As a result of the foregoing, Plaintiff was deprived of her liberty and property,

suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was

otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

57.     Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

58.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department and the Richmond County District Attorney's Office, and

through the individual defendants had de facto policies, practices, customs and usages which

were a direct and proximate cause of the unconstitutional conduct alleged herein.

59.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department and the Richmond County District Attorney's Office, and

through the individual defendants, had de facto policies, practices, customs, and usages of failing

to properly train, screen, supervise, or discipline employees and police officers, and of failing to

inform the individual defendants' supervisors of their need to train, screen, supervise or

discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

60.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and the Richmond County District Attorney's Office and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

61.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and the Richmond County District Attorney's Office and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning pervasive discrimination against people of color and Hispanic people by members of the NYPD.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

62.     At all times material to this complaint, the defendants THE CITY OF NEW YORK, acting through its police department and the Richmond County District Attorney's Office and through the individual defendants, had de facto policies, practices, customs and/or usages of  treating i-cards or other similar requests within the NYPD to apprehend or question an individual as though they were judicially signed arrest warrants, even though the i-cards and other similar requests were never reviewed by or approved by any judicial officer.  Such policies, practices, customs and/or usages are a direct and proximate cause of the

unconstitutional conduct alleged herein.

63.     At all times material to this complaint, the defendants THE CITY OF NEW

YORK, acting through its police department and the Richmond County District Attorney's

Office and through the individual defendants, had de facto policies, practices, customs and/or

usages of making warrantless arrests at individuals' homes in violation of the Fourth

Amendment.  Such policies, practices, customs and/or usages are a direct and proximate cause of

the unconstitutional conduct alleged herein.

64.     As a result of the foregoing, Plaintiff was deprived of her liberty and property,

suffered bodily injury, pain and suffering, emotional distress, costs and expenses, and was

otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of

the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empanelling of a jury to consider the merits of the claims

herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
            July 2, 2021

                                        _____/S/_____
                                        JEFFREY A. ROTHMAN, Esq.
                                        305 Broadway, Suite 100
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiff